UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SHANNON DONALD SEXTON,

    Defendant.
_____/

Civil Case No. 15-cv-12848
Criminal Case No. 13-cr-20792

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

**ORDER DENYING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE
UNDER 28 U.S.C. § 2255, DENYING EVIDENTIARY HEARING AS MOOT,
AND DENYING A CERTIFICATE OF APPEALABILITY**

**I. INTRODUCTION**

On June 26, 2014, defendant Shannon Donald Sexton ("Defendant") pleaded guilty, by way of a Rule 11 plea agreement, to bank robbery by force or violence, in violation of 18 U.S.C. § 2113(a). On October 23, 2014, Defendant was sentenced to 120 months imprisonment. The judgment of sentence was entered on October 28, 2014. Defendant filed the instant Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 on August 11, 2015. [Dkt. No. 43] The Government filed a response to the § 2255 motion on October 30, 2015 [Dkt. No. 54], and Defendant filed a reply on December 11, 2015 [Dkt. No. 57].

Defendant raises one claim in his motion: he contends that his sentence was unconstitutionally increased pursuant to U.S.S.G. § 4B1.1 when his prior convictions were considered "crimes of violence." For the reasons discussed below, the Court **DENIES** Defendant's Motion to Vacate, Set Aside or Correct Sentence. The Court also **DENIES** Defendant's request for an evidentiary hearing as **MOOT**.

## II. BACKGROUND

A.  **Underlying Criminal Activity**

On August 30, 2013, Defendant drove co-defendant Bryan Brooks to Sterling Heights, Michigan. Defendant gave Brooks a demand note and told him how to rob a bank. Brooks followed Defendant's instructions, and presented a teller in a TCF Bank branch with the demand note, telling her to "hurry up." (PSR ¶ 11) The teller complied and gave Brooks money from her bank drawer. After receiving the money, Brooks identified a bait bill pack and threw it back at the teller. Brooks left the bank with $1,332.00 and got back into the car with Defendant. Defendant drove away, and Brooks and Defendant split the money. On September 3, 2013, Defendant and Brooks robbed a second bank, this time a Flagstar Bank in Clinton Township, Michigan. (PSR ¶ 12) On September 13, 2013, Defendant and Brooks robbed a third bank, a Talmer Bank and Trust in Imlay City. (PSR ¶ 13) On September 20, 2013, Defendant and Brooks robbed a fourth bank, a Comerica Bank in Auburn Hills. (PSR ¶ 14)

B.  **Procedural History**

On April 10, 2014, Defendant was charged in a one count First Superseding Information with aiding and abetting bank robbery, in violation of 18 U.S.C. § 2 and 2113(a). (Dkt. No. 18) On June 26, 2014, Defendant entered a guilty plea to Count One of the First Superseding Information. The parties' Rule 11 Plea Agreement anticipated a sentencing guideline range of 151-188 months under the Career Offender provisions of U.S.S.G. § 4B1.1, based on a total offense level of 29 and a criminal history category VI. (Dkt. No. 30) The Probation Department ultimately calculated the same guideline range. (PSR ¶¶ 121-22) At the plea hearing, Defendant admitted to the factual basis for Count One, and the Court found that Defendant was competent and capable of entering an informed plea, and accepted Defendant's guilty plea. (Dkt. No. 49,

PgID 240) The Plea Agreement acknowledged that the Career Offender guidelines provisions applied to Defendant. (Dkt. No. 30, Pg ID 132)

Sentencing was held on October 23, 2014. Defendant made no objections to the Pre-Sentence Investigation Report prepared by the Probation Department. (Dkt. No. 52) The Court noted that it "should be giving you a sentence probably about 15 years, but I'm not going to do that." (*Id*. at 13) Instead, the Court sentenced Defendant to 120 months of incarceration, a significant downward departure from the guidelines range of 151-188 months. (*Id*. at 13-14) Because the sentence imposed was below what was anticipated by the parties in the Rule 11 Plea Agreement, Defendant gave up his right to appeal his conviction and his sentence. (*See* Dkt. No. 30, PgID 121)

On August 11, 2015, Defendant filed the instant motion. Defendant contends that his sentence, which was heightened following a determination that the Career Offender provision of the sentencing guidelines applied, violated his Fifth Amendment rights. Defendant relies on a recent Supreme Court case, *Johnson v. United States*, 135 S.Ct. 2551 (2015). (Dkt. No. 43, PgID 196) Defendant also requests that the Court conduct an evidentiary hearing.

### III. LEGAL STANDARD

A defendant seeking relief under § 2255 "must allege as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (citing *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)). When raising claims alleging errors of constitutional magnitude, a defendant must show that the constitutional error had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999).

IV. DISCUSSION

In this case, Defendant had a guideline range of 151-188 months because the Court (as well as the parties and the Probation Department) determined that he was subject to the Career Offender provision of U.S.S.G. § 4B1.1(a). Defendant now argues that intervening law (*i.e., Johnson*) renders that sentence unconstitutional because the residual clause of the Career Offender provision (pursuant to which he believes his prior felony convictions were determined to be "crimes of violence") is unconstitutionally vague.

A.  **Section 2255 Motion**

Under U.S.S.G. § 4B1.1(a) (the Career Offender provision in the sentencing guidelines), a defendant is subject to heightened offense levels (and, therefore, heightened guideline ranges) if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction;
>
> (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and
>
> (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Defendant does not challenge that he was at least eighteen years old at the time of the offense of conviction (PSR at ¶ 89), nor does he contest that the "instant offense of conviction," the bank robbery, constitutes a "crime of violence." In other words, Defendant concedes that subsections (1) and (2) of U.S.S.G. § 4B1.1(a) are satisfied. Therefore, the issue for the Court to decide is whether Defendant falls within subsection (3) of U.S.S.G. § 4B1.1(a), *i.e.*, whether Defendant has "at least two prior felony convictions of either a crime of violence or a controlled substance offense."

The term "crime of violence" set forth in subsection (3) of U.S.S.G. § 4B1.1(a) is defined as any felony offense under federal or state law that:

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a). Subsection (1) of U.S.S.G. § 4B1.2(a) is known as the "elements" clause and requires courts to consider the elements of the offense of conviction to determine whether it qualifies as a "crime of violence." *See, e.g., Brown v. Caraway*, 719 F.3d 583, 589 (7th Cir. 2013). The first part of subsection (2) of U.S.S.G. § 4B1.2(a) is called the "enumerated offenses" clause and lists specific types of crimes that qualify as a "crime of violence" (*i.e.*, "burglary of a dwelling, arson, or extortion, involves the use of explosives"). *Id.; United States v. Covington*, 738 F.3d 759, 761, 764-67 (6th Cir. 2014). The latter part of subsection (2) of U.S.S.G. § 4B1.2(a) (*i.e.*, the phrase "or otherwise involves conduct that presents a serious potential risk of physical injury to another") is referred to as the "residual clause." *Covington*, 738 F.3d at 762.

The same language that constitutes the "residual clause" of U.S.S.G. § 4B1.2(a) is included in the definition of what constitutes a "violent felony" under the statutory penalties in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B) ("ACCA"). Recently, the Supreme Court held that the "or otherwise involves conduct that presents a serious potential risk of physical injury to another" language in the ACCA's definition of a "violent felony" is unconstitutionally vague. *Johnson*, 135 S. Ct. at 2557-58. Defendant now contends that *Johnson* renders the sentence imposed by this Court unconstitutional because his prior felony convictions fall within the "residual clause" of the Career Offender provision.

For purposes of this Opinion and Order, the Court will assume, without deciding, that *Johnson* would also render the residual clause of U.S.S.G. § 4B1.2(a) unconstitutionally vague. The Court need not decide that constitutional issue, however, because as discussed below, even if the residual clause is unconstitutionally vague, the Career Offender provision applies to Defendant based on the nature and volume of his prior felony convictions.

Defendant identifies three prior felony convictions he believes the Court improperly considered when determining that Defendant was subject to the Career Offender guidelines. He argues his Michigan convictions for felony breaking and entering and entering an occupied dwelling (PSR at ¶¶ 55-56) and his Ohio conviction for felony breaking and entering (PSR at ¶ 63) could be considered "crimes of violence" only under the residual clause. Even if the Court concluded that those three prior felony convictions could not be considered by the Court because they are "crimes of violence" only under the residual clause, Defendant has several additional prior felony convictions the Court must consider, including two prior Michigan felony convictions for bank robbery (PSR at ¶¶ 70-71).[1]

Bank robbery convictions, including the bank robbery conviction in this case,[2] qualify as "crimes of violence" under the "elements" clause. *See United States v. Villa-Gomez*, 193 F. App'x 586, 590 (6th Cir. 2006) ("the current offense of unarmed bank robbery is a crime of violence" and "the term 'crime of violence' is defined in the Sentencing Guidelines and includes robbery, U.S.S.G. § 4B1.1 and Application Note 1 to that section"); *United States v. Maddalena*,

---

[1] Defendant did not mention or acknowledge either of his two prior felony convictions for bank robbery in his motion or in his reply.

[2] As discussed above, Defendant concedes that the second requirement of U.S.S.G. § 4B1.1(a) ("the instant offense of conviction is a felony that is . . . a crime of violence . . .") is satisfied in this case. Significantly, the instant offense of conviction was bank robbery. In other words, Defendant concedes that bank robbery is a felony that is a crime of violence.

893 F.2d 815, 819 (6th Cir. 1989) ("the commentary to section 4B1.2 of the guidelines includes robbery as an offense covered by the ['threatened use of physical force against the person . . . of another'] provision"). In fact, 18 U.S.C. § 2113(a) provides:

> Whoever, by force and violence, or by intimidation, takes, or attempts to take, from person or presence of another . . . any property or money or any other thing of value. . . .

As stated by the *Maddalena* court, "[t]he requirement that property be taken either 'by force and violence' or 'by intimidation' requires proof of force or threat of force as an **element** of the offense." *Maddalena*, 893 F.2d at 819 (emphasis added). Based on this established Sixth Circuit law, the Court concludes that Defendant's bank robbery convictions constitute "crimes of violence" under the "elements" clause of U.S.S.G. § 4B1.2(a)(1).

The Court finds that, even if all of Defendant's other prior felony convictions could be considered "crimes of violence" only under the residual clause of U.S.S.G. § 4B1.2(a)(2), Defendant's two prior bank robbery convictions support the conclusion that Defendant was convicted of at least two prior felony convictions that constitute "crimes of violence" under the "elements" clause of U.S.S.G. § 4B1.2(a). In other words, the Court need not, and the Court does not, rely on the residual clause (the only clause of the Career Offender provision *Johnson* arguably implicates) to conclude that the two prior Michigan felony convictions for bank robbery are "crimes of violence." For those reasons, the Court finds that: (1) the *Johnson* decision is not relevant when determining whether Defendant is a Career Offender, and (2) Defendant's sentencing guidelines were appropriately calculated pursuant to the Career Offender provision.

For the reasons stated above, the Court will deny Defendant's Motion to Vacate, Set Aside or Correct Sentence. Further, as there are no evidentiary matters for the Court to determine, the Court will deny as moot Defendant's request for an evidentiary hearing.

**B.     Certificate of Appealability**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254. In order to obtain a certificate of appealability, a defendant must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the defendant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a defendant's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484.

In his 28 U.S.C. § 2255 Motion, Defendant argued that his sentence, which was based on the Career Offender provision of the U.S. Sentencing Guidelines, should be found unconstitutional based on the recent Supreme Court decision in *Johnson* because some of his prior felony convictions constitute crimes of violence under the residual clause of the Career Offender provision of the sentencing guidelines. For the reasons stated above, however, the Court concludes that *Johnson* does not apply to Defendant's case because he has (at least) two prior felony convictions that constitute crimes of violence pursuant to the elements clause of the Career Offender provision of the sentencing guidelines. The Court further concludes that Defendant has not shown (and cannot show) that "reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further." *Slack,* 529 U.S. at 483-84. Accordingly, the Court will not issue Defendant a certificate of appealability.

## V. CONCLUSION

Accordingly, for the reasons discussed above, the Court **ORDERS** that Defendant's Motion to Vacate, Set Aside or Correct Sentence [#43] is **DENIED** and Defendant's request for an evidentiary hearing is **DENIED** as **MOOT**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 is **DISMISSED WITH PREJUDICE** and a certificate of appealability shall not issue and is **DENIED**.

IT IS SO ORDERED.

Dated:  January 4, 2016

/s/Gershwin A Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge